Thank you, Your Honor. May it please the Court, I'm Mark Murphy. I represent the habeas corpus petitioner in this case. It's Varun Narula, formerly a captain in the United States Air Force. Our plea is that the district court should not have dismissed the habeas corpus petition on the motion of the command. Today I'll refer to the government as the command and or they should not have dismissed it without a more thorough analysis of the merits. Counsel, not to cut your time too short, but we don't have a lot of time to talk about this. Your client has conceded that he failed to exhaust his administrative remedies within the military procedures. Is that correct? That's not correct, Your Honor, with all due respect. The word concession was chosen by the command in its brief. Well, let me ask you this then. Whatever you want to call it, whatever the semantics are, did your client use every procedural means to appeal the sentence and other decisions of the military court? Yes, Your Honor, and I can explain and elucidate because I know that I anticipated, of course, because that was the major focus of at least the command's The way you ask the question is interesting to me, Your Honor, because you asked whether or not he had exhausted each of the procedural steps on his way, well, to the district court before he filed his petition for rid of habeas corpus. There's no doubt that he did that. There's no question that there were no skipped steps, that it began at the military, the court-martial at the military trial court. He appealed that as a matter of direct appeal to the Air His petition, what would be the equivalent of a petition for certiorari in the military next level appellate court, was denied. Were these claims specifically raised on direct appeal? Exactly, Your Honor. Such that the claims themselves are exhausted. So, yes, he went through the direct appeal process and availed himself of those remedies, but did he raise these particular claims? I will say yes, and the command, and perhaps you will say, well, perhaps imperfectly, or the command might say not at all. There's two ways, I believe, Your Honors, to look at the exhaustion issue, particularly in this case, but in every case. We always look at it from the point of view of the petitioner. Did he specifically, as you asked, Your Honor, raise the issue at the court below so that it could become a matter for habeas corpus review? And in this case, the issues were not raised in the manner that present counsel raised them in the petition for Mr. Nerula in the district court. However, the court, on the other hand, did rule on the issues, if you will. The court issued an opinion. The military court... Which court are we talking about now? That's right, Your Honor. It's important that I'll try to help keep it clear. The military court, on appeal... Which military court? This is the final military court of appeal? Yes, what I'll do is I'll call the trial court the court-martial. Okay. And then the military court, the military court of appeals that's relevant here. First of all, and there's two ways to look at this exhaustion, and I believe that the petitioner can show that he's exhausted sufficiently the issues so that the district court in the Ninth Circuit should have reviewed them thoroughly. First is what the petitioner did at the military court of appeal. The petitioner raised the issues that are being, that I want to talk about here on the merits, the unlawful joinder and the fact that he was convicted under an unconstitutional criminal provision. He raised them in three different ways. He raised them imperfectly and he didn't raise them the way that I have as the cases develop, which naturally occurs in appeals. In terms of... I don't want to eat up too much of your time on this issue because we can go back and look at the ways it was raised. The way you briefed this, talking about fundamental miscarriage of justice, I had viewed it as an attempt to basically get around exhaustion under a fundamental justice, miscarriage of justice theory. That was the way I understood your briefing. Right. So if that's the way that this court goes, then is there any new reliable exculpatory evidence in the record that you're relying on? I'm not relying on a new evidence and actual innocence argument, Your Honor. And if I could go back just briefly to the exhaustion question, the petitioner raised the issues by claiming these issues through his complaints about ineffective assistance of counsel. He complained that the judge in the military court-martial didn't sui sponte, address these same issues, and he complained that he was sentenced. In fact, the military court-martial gave him a harsh, a more harsh sentence than the prosecutor even asked for as a result of the unlawful joinder, we believe. But importantly, the military court of appeals issued an opinion in which it discussed the joinder issue and stated clearly and perfectly the issue that I've raised on this appeal to this court in a petition. What about the need to establish cause and prejudice that you would need in a habeas proceeding? What steps did you take before the court-martial and the military appeals court to establish those points? Well, of course, this was different counsel. This is counsel that's previous. When I say you, I'm referring to your client. On behalf of the petitioner. I'm sorry. Yes. Well, you don't get to cause and prejudice when you review the denial of a military habeas corpus petition until you show that there was no exhaustion. And I'm arguing that there was exhaustion. As to cause and prejudice, Your Honor, this is where, and perhaps this is why this panel wanted to hear this case. This is where the Ninth Circuit, frankly, is in the same boat as many other circuits with this uncomfortable relationship that it has with the military justice system and the manner in which it would review court-martials and claims of constitutional significance. And I refer specifically to the body of cases that followed subsequent to the Cali decision. Cali came out of the Fifth Circuit. And the Fifth Circuit, following Cali, has established a four-part review. The command makes the point, and it's well taken, that in the briefing in this court, it appears that petitioner has conflated the concepts of exhaustion and the review that's required under Cali. But as a matter of fact, that's a reflection of some of the confusion in the development of this doctrine. Again, where the Federal Circuit Courts of Appeal seem to be confused and certainly aren't unanimous about the manner in which military habeas corpus actions should be reviewed. The fourth factor, there are four factors in the Cali, which I'm happy to describe, and I may reserve some time to do that. When the district court below took this habeas corpus matter under review, they should have conducted the Cali four-part review that is also being handled and actually being done in the Tenth Circuit. Reference to Tenth Circuit cases in this particular instance is important, Your Honor, for this reason. Generally speaking, persons in your position don't see a lot of military UCMJ cases. The Tenth Circuit is where Fort Leavenworth is. As a result, they see the majority of the military habeas corpus and other even special appeals out of that circuit. Cali represents, and the circuits that have developed Cali, represents a step to make the review of military court-martials more sophisticated and it looks at them in a more subtle manner. Historically, the federal courts, the federal circuit courts, going all the way back to the Burns United States Supreme Court case in the 50s, have kept a hands-off policy to military cases. And that's been a disservice, I think, over the years. Cali represented an effort by a federal circuit court, this one in the Fifth Circuit, that there's a recognition that going all the way back to the Justice Douglas' dissent in the original Burns case, that while there should be a bit of a hands-off policy to the UCMJ, the fact is that these are American citizens. And the constitutional law isn't... Let me just ask you this. This is very interesting, but you're using up your time. Do you want to save any rebuttal time at all? You were talking about philosophical things. We might talk about it in a law school class about military justice, and I'm not sure that's a great use of your time. It's up to you, but it's... This is a philosophical question, Your Honor. And I do want to reserve my time. I appreciate it. Yes, sir. You're not reserving your time by keeping on talking. So I'd like to find out where in your briefing did you argue that you did exhaust his remedies? Because I just re-looked at your reply brief, and as Judge Wynn said, all your focus was on was the miscarriage of justice exception. So where does all this we did exhaust argument appear in your briefing? Your Honor, I... That's your briefs, not the briefs below. I hear you, Your Honor. I argued that through the application of the Cali case. I wanted this court, I wanted the Ninth Circuit to recognize that the overlap with the fourth factor that's expressed in the Cali case. That's why what the command calls conflation, I would call overlap, and I think that that's the direction that this court needs to... So from your perspective, by having completed or fulfilled the fourth factor in Cali, you have exhausted your remedies, in effect? Well, the exhaustion occurred, and that's an explanation or an analysis of whether what Cali does there is ask in a different way how in the specific setting that's different for the military cases, exhaustion has been accomplished. Because it is a separate situation. You've used up your time, so thank you very much for your argument,  Thank you, Your Honor. Thank you. George Manahan from the United States, may it please the Court. The District Court, at Excerpts of Record, page 9, specifically stated, Petitioner does not dispute that he failed to exhaust available remedies. That's a factual finding by the District Court that can only be reversed to clear error. There's been no showing, no even attempt to show that it was a clear error. Furthermore, I do not believe that there was any argument of exhaustion in the appellant's briefs, and so the issue is waived. And if there's no exhaustion of administrative remedies, end of story, right? If there's no exhaustion, then the analysis moves on to whether the appellant met his burden of showing cause and prejudice. And even if he can't do that, there's a gateway to still have the claim be heard if they could show actual innocence through new exculpatory evidence. Exactly. And none of those things occurred here. Well, the final gateway requires showing of innocence, and counsel's indicated that he's not relying on any new evidence. So I think that's done for. What about counsel's point that he raised it imperfectly and that it was addressed in the military courts? So let's break them up into the two different arguments. First, there's the joinder of charges argument. At page 16 of our brief, we showed that appellant at the court martial level, which I think is appropriately called the trial court level as well, failed to move to sever on any basis. So he missed step one. So he failed to exhaust. In order to exhaust, you have to raise it at the court martial and raise it to the Air Force, Court of Criminal Appeals, and then the United States Armed Forces. And I may have those titles wrong with those courts, but I think you know what I mean. That's why the military appellate court, I don't know if that's the right terminology for it, reviewed for plain error. That's right. And I would submit, although on a direct appeal you can review for plain error, when you're collaterally attacking, the fact that you didn't raise it at the court martial level means you failed to exhaust. In order to exhaust, you have to raise it at each level. But even at the military appellate court level, appellant still didn't raise the same issue he brings here. What they raised in the military appellate courts is that the court didn't sui sponte, sever under the rules of court martial. They did not make the federal constitutional claim that they're making here. Again, so at every level there was a failure to exhaust the claim they bring before this court. With regards to the constitutional claim regarding Article 120 of UCMJ, appellant did raise that issue before the court martial court, but then failed to raise an undirect appeal to either of the two levels of military appellate courts. So since there was a failure to exhaust at all levels, both claims now brought before this court. And as Judge Witten pointed out, appellant agrees that they're not bringing a schlup claim because they're not pointing to any new evidence. This court should affirm the district court's ruling dismissing the case. And unless there's any further questions, I will submit. Any questions? Thank you very much. Counsel, you used up your time, if you want. We'll give you a minute since he didn't use all of his time. Do you have some strikingly brilliant things you would like to say to us in this one minute? No, Your Honor, I would add, and you made the point which was well taken, of course, that an awful lot of our argument was beyond the exhaustion argument, almost historical or philosophical in nature. And that's true. At the core of this, and I wasn't trial counsel, at the core of this, we have a situation where a military member, a citizen of our country, during peacetime in the United States, in a unit that wasn't designated for departure or deployment to war, was tried and convicted and served prison time, federal prison time, in a trial that would never have occurred in the civilian courts, in the civilian federal courts of the United States. And whether issues were raised throughout perfectly or imperfectly, and I think the record will show that there were and there was exhaustion, whether and how it was argued or how it was couched, that there does come a time, and this circuit, as the command's brief has noted, has failed to adopt the Cali test from the Fifth Circuit. I think that, and the petitioner, on behalf of the petitioner, that if the district court below had adopted and analyzed this case using the Cali analysis, that very basic four-step analysis which reflects the modern approach to the review of the military writs of habeas corpus, I think the result would have been different. Thank you very much. Thank you both for your argument. The case just argued is submitted.
judges: Fisher, M. Smith, Nguyen